

```
                                    UNITED STATES DISTRICT COURT

                                    CENTRAL DISTRICT OF CALIFORNIA

                                           SOUTHERN DIVISION
```

| | | |
|---|---|---|
| INTERNATIONAL PADI, INC., | ) | Case No. SA CV 02-289-GLT (ANx) |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING DEFENDANT'S |
| vs. | ) | MOTION TO STRIKE |
| DIVERLINK, | ) | |
| Defendant. | ) | |

Defendant's special motion to strike is GRANTED.

### I. BACKGROUND

Plaintiff International PADI, a recreational diving membership organization, trains scuba diving instructors and certifies individuals trained by its instructors. Defendant Diverlink publishes an internet website, www.diverlink.com, devoted to diving interests. In February 2000, Walter Wilt posted an article on a bulletin board on Defendant's website.[1/] The Wilt article compared the certification standards of various diving agencies and included comments on and descriptions of Plaintiff's certification requirements. Defendant later moved Wilt's

---

[1/]Wilt is not a party to the case.



article to a more prominent location on the website.

Plaintiff sued Defendant for defamation, trade libel, and unfair competition. Plaintiff claims the Wilt article published by Defendant contains false statements that are injurious to Plaintiff's business and reputation. Defendant brings a special motion to strike under California's Anti-Strategic Litigation Against Public Participation (Anti-SLAPP) statute.

## II. DISCUSSION

### A. Anti-SLAPP Motion to Strike

California's Anti-SLAPP statute authorizes a special motion to strike to allow early dismissal of first amendment cases aimed at chilling expression. Metabolife Intern., Inc. v. Wornick, 264 F.3d 832, 839 (9th Cir. 2001); Cal.Civ.Pro. Code §425.16(a). Under the statute, once the defendant establishes an act in furtherance of protected expression is being challenged, the plaintiff must show a "reasonable probability" of prevailing in its claims for those claims to survive dismissal.[2] Metabolife, 264 F.3d at 840. A defendant who prevails on a special motion to strike is entitled to attorney's fees and costs. Cal.Civ.Pro. Code §425.16(c). The motion to strike and attorney's fees provisions of the statute are applicable in federal diversity suits. See U.S. ex rel. Newsham v. Lockheed Missile & Space

---

[2] When a defendant makes a special motion to strike based on the plaintiff's alleged failure of proof, the motion is treated as a Rule 56 motion for summary judgment, and will not be considered until the nonmoving party has had an opportunity to conduct discovery. Rogers v. Home Shopping Network, Inc., 57 F.Supp.2d 973, 982 (C.D. Cal. 1999). Defendant's motion was originally brought in August 2002. The Court continued the hearing and granted Plaintiff leave to conduct discovery in order to respond to Defendant's motion.

Co., Inc., 190 F.3d 963, 970-973 (9th Cir. 1999).

Defendant contends, and Plaintiff does not dispute, the allegedly defamatory statements concerning Plaintiff's diving certification requirements constitute "speech in connection with a public issue or an issue of public interest" under the Anti-SLAPP statute. See Cal. Code Civ. Pro. §425.16(e)(4). Thus, Plaintiff has the burden to show a reasonable probability of success on its claims.

B. Communications Decency Act

Defendant contends Plaintiff cannot meet its burden under the Anti-SLAPP statute because Defendant is immune from all causes of action under the federal Communications Decency Act (CDA).

Under the CDA, "no provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. §230(c)(1). Section 230 "creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service." Zeran v. America Online, Inc., 129 F.3d 327, 330 (4th Cir. 1997)(emphasis added). Also barred are "lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions - such as deciding whether to publish, withdraw, postpone or alter content." Id.

1. Interactive Computer Service Provider

Plaintiff contends Defendant is not an interactive computer service provider protected by the CDA because Defendant is not an internet service provider ("ISP") such as America Online, which provides users with access to the internet. The CDA, however, is much broader than that. It defines "interactive computer service provider"

as:

>any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions.

47 U.S.C. §230(e)(2).

ISPs are only one type of interactive computer service providers. Carafano v. Metrosplash.com, Inc., 207 F.Supp.2d 1055, 1065-1066 (C.D. Cal. 2002). Defendant's website allows multiple visitors to access its server to reach a bulletin board where visitors can share information. This satisfies the CDA's broad definition of an interactive computer service provider. See id.; Schneider v. Amazon.com, Inc., 108 Wash.App. 454 (2001)(finding website where visitors post and read personal book reviews qualifies as an interactive computer service provider).

2.   Information Content Provider

Plaintiff also contends Defendant is not immune under the CDA because Defendant is an "information content provider" of the Wilt article. The evidence does not support Plaintiff's contention.[3] Wilt wrote the article containing the allegedly defamatory statements. Deposition testimony shows Defendant encouraged diving agencies to contact Wilt concerning the contents of the article, but Defendant's contribution was limited to grammatical and spelling corrections. Defendant moved the Wilt article to a more prominent place on the

---

[3] On May 20, 2003, the Court took this matter under submission and granted Plaintiff until July 6, 2003, to depose Wilt and inform the Court of any new evidence relevant to this motion. On July 7, 2003, Plaintiff reported Wilt's deposition, now completed, did not lead to any new evidence.

website and wrote a preface to introduce the article, but the allegedly defamatory statements are found in the article, not the preface.

The Wilt article originated with a third-party user of Defendant's website, and Defendant's contributions were limited to "its exercise of a publisher's traditional editorial functions - such as deciding whether to publish, withdraw, postpone or alter content." See Zeran v. America Online, Inc., 129 F.3d at 330.

Plaintiff's claims are barred by the CDA.[4]

### III. DISPOSITION

Defendant's Anti-SLAPP motion to strike is GRANTED. As the prevailing party, Defendant is entitled to attorney's fees and cost of suit, and may submit a fees motion to the Court to support its request.[5]

DATED: July 9, 2003

_____
GARY L. TAYLOR
UNITED STATES DISTRICT JUDGE

---

[4] The Court does not reach other issues raised by the parties, including whether Plaintiff's claims are also barred by the statute of limitations.

[5] Any motion for attorneys fees shall include (1) an explanation and justification for the rates charged, and (2) a complete description of each billed item of work performed and the time spent on that item.